James N. Leik
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, Alaska 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108
JLeik@perkinscoie.com

Attorneys for Plaintiff
Union Oil Company of California

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNION OIL COMPANY OF CALIFORNIA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FOREST OIL CORPORATION,<br><br>　　　　　Defendant. | Case No. 3:10-cv-00269-JWS |

**AMENDED COMPLAINT**

COMES NOW plaintiff Union Oil Company of California, and for its Amended Complaint against Forest Oil Corporation alleges as follows:

1. Union Oil Company of California ("Union") is a California corporation doing business in the State of Alaska. Union has obtained a valid certificate of authority to transact business in the State of Alaska, has paid its biennial corporation

tax last due, has filed its biennial report for the last reporting period, and is in every other respect qualified to bring this action.

2. Upon information and belief, Defendant Forest Oil Corporation ("Forest") is a New York corporation doing business in the State of Alaska, and holding a certificate of authority to transact business in the State of Alaska.

3. This action was filed in the Superior Court for the State of Alaska, which had jurisdiction over this matter pursuant to AS 22.10.020(a). Forest removed this action to the United States District Court, which has jurisdiction pursuant to 28 U.S.C. § 1332 as the action involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391.

## FACTS

5. This case involves Forest's obligation to pay to Union a share of the costs arising out of the ongoing operations of the offshore and onshore oil and gas facilities operated as part of the Trading Bay Unit ("TBU") and Trading Bay Field ("TBF"), located in Cook Inlet, Alaska.

6. The Trading Bay Production Facility ("TBPF") is operated as part of the TBU and TBF.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

7. Pursuant to agreements among the interest owners, Union is the operator of all the oil and gas facilities operated as part of the TBU and TBF, including the TBPF.

8. The facilities operated as part of the TBU are operated by Union pursuant to the leases between the State of Alaska ("State") as lessor and Union and the other owners of the TBU as lessees, the Trading Bay Unit Agreement ("TBUA") (an agreement between the owners of the TBU and the State), and the Trading Bay Unit Operating Agreement ("TBUOA") (an agreement among the owners of the TBU).

9. The facilities operated as part of the TBF are operated by Union pursuant to a lease between the State as lessor and Union and the other owners of the TBF as lessees, and the Trading Bay Field Joint Operating Agreement ("TBFJOA"), an agreement among the owners of the TBF.

10. Under the TBUA, TBUOA and TBFJOA, the costs related to the operation of the TBU and TBF, including the TBPF, are shared by the owners of the TBU and TBF in the manner provided in the agreements. Under the agreements, as operator Union can either, at its election, (i) initially incur costs related to the operation of the TBU and TBF, including the TBPF, or (ii) require the party(ies) to advance their respective share(s) of estimated costs related to the operation of the

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp.    -3-
No. 3:10-cv-00269-JWS

TBU and TBF, including the TBPF. Union, as operator, then issues invoices to the remaining owner(s) for their proportionate share of such costs, crediting any advanced payments as appropriate. The remaining owner(s) pay for their share of the outstanding costs by remitting payment to Union as provided in the agreements.

11. At the time Union became operator, Marathon Oil Company ("Marathon") owned the remaining interest in the TBU and TBF, including the TBPF.

12. Subsequently, Marathon assigned the portion of its interests in the TBU and TBF, including the TBPF, related to oil to Forcenergy Inc. ("Forcenergy").

13. As part of the assignment, Forcenergy assumed the portion of Marathon's obligations under the TBUA, TBUOA and TBFJOA related to oil, and became responsible for a proportionate share of the operating costs of the TBU and TBF, including the TBPF.

14. Forcenergy subsequently was acquired by Forest through merger. By virtue of its merger with Forcenergy, Forest assumed Forcenergy's obligations under the TBUA, TBUOA and TBFJOA and became responsible for a proportionate share of the operating costs of the TBU and TBF, including the TBPF.

15. In addition to the TBUA, TBUOA and the TBFJOA, Union and Forest also entered an Alignment Agreement governing their interests in and operation of the

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp.        -4-
No. 3:10-cv-00269-JWS

69280-0018/LEGAL19989856.2

Case 3:10-cv-00269-SLG   Document 24   Filed 01/24/11   Page 4 of 11

TBU and TBF, including the TBPF. Together, the TBUA, TBUOA, TBFJOA and the Alignment Agreement are referred to as the "Trading Bay Agreements."

16. Forest subsequently assigned its ownership interests in the TBU and TBF, including the TBPF, to an affiliate, Forest Alaska Holding LLC ("FAH"), which in turn assigned the ownership interests in the TBU and TBF, including the TBPF, to another affiliate, Forest Alaska Operating LLC ("FAO"). FAH retained a one-hundred percent (100%) ownership interest in FAO.

17. In 2007, FAH and Forest entered into a Membership Interest Purchase Agreement ("MIPA") with Pacific Energy Resources Ltd. Pursuant to the MIPA, FAH transferred its entire interest in FAO to Pacific Energy Alaska Holdings, LLC. FAO was subsequently renamed Pacific Energy Alaska Operating LLC ("PEAO").

18. Forest did not obtain the release by Union of Forest's obligations under the Trading Bay Agreements at the time the interests owned by Forest in the TBU and TBF, including the TBPF, were transferred to its affiliates, or at any time thereafter.

19. Subsequent to acquiring its interests in the TBU and TBF, including the TBPF, PEAO filed for bankruptcy. As part of the bankruptcy proceedings, PEAO abandoned its interests in the TBU and TBF, including the TBPF, and rejected its obligations under the Trading Bay Agreements.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp.  -5-
No. 3:10-cv-00269-JWS

20. Prior to filing for bankruptcy, PEAO had failed to make all of the payments to Union required by the Trading Bay Agreements for costs related to the operation of the TBU and TBF, including the TBPF.

21. Subsequent to filing for bankruptcy, PEAO continued to fail to make the payments to Union required by the Trading Bay Agreements for costs related to the operation of the TBU and TBF, including the TBPF.

22. As operator of the TBU, TBF and TBPF, Union has a first and prior lien upon, among other things, each owner's share of production from the TBU and TBF to secure the payment of the amount of the expense charged to and assessed against such owner, and upon default by an owner in the payment of its share of such expenses, to collect from the purchaser of such defaulting owner's production the proceeds from the sale of such production.

23. Pursuant to these rights, from October 24, 2008 through March 9, 2009, Union collected from the purchaser thereof, the proceeds from the sale of the share of production in the TBU and TBF attributable to the ownership interest formerly owned by Forest and subsequently conveyed to PEAO.

24. For the period from March 10, 2009 through September 1, 2009, the proceeds from the sale of the share of production in the TBU and TBF attributable to

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp.
No. 3:10-cv-00269-JWS -6-

69280-0018/LEGAL19989856.2

Case 3:10-cv-00269-SLG   Document 24   Filed 01/24/11   Page 6 of 11

the ownership interest formerly owned by Forest and subsequently conveyed to PEAO were paid into escrow subject to further order by the Bankruptcy Court.

25. Subsequent to the Bankruptcy Court's approval on September 2, 2009 of PEAO's motion to abandon its TBU and TBF assets and reject the Trading Bay Agreements, Union has exercised and continues to exercise its lien rights at the wellhead, applying the net proceeds to PEAO's past due balance.

26. On December 15, 2010, the Bankruptcy Court issued its order confirming PEAO's plan of liquidation. Pursuant to the confirmed plan, Union received all of the previously escrowed proceeds from the sale of the share of production in the TBU and TBF attributable to the ownership interest formerly owned by Forest and subsequently conveyed to PEAO, certain oil and gas production tax credits related to PEAO's activities, and $100,000.00 in cash.

27. All such proceeds, however, have been insufficient to satisfy the obligations assessed and charged under the Trading Bay Agreements to the interest in the TBU and TBF formerly owned by Forest.

28. By letter dated May 29, 2009, Union advised Forest of PEAO's failure to remain current on its obligations under the Trading Bay Agreements and of the bankruptcy petition covering PEAO.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp. -7-
No. 3:10-cv-00269-JWS

29. The letter stated that the purpose was to advise Forest that Union, as operator of and a co-working interest owner in the TBU, the TBF and the TBPF, would look to Forest to fulfill PEAO's obligations in the event and to the extent PEAO failed to perform or rejected them.

30. By letter dated June 19, 2009, Forest rejected any responsibility for fulfilling PEAO's obligations in the event and to the extent that PEAO failed to perform them.

31. Since that time, Union has continued to make efforts to recover from PEAO the full amount due under the Trading Bay Agreements, but without success.

32. As of January 1, 2011, the proportionate share of the operating costs related to the ongoing operation of the TBU and TBF, including the TBPF, which is chargeable under the Trading Bay Agreements to the ownership interest formerly owned by Forest and its affiliates, and which has not been paid by PEAO or otherwise satisfied by the sale of production attributable to that ownership interest, is approximately $48 million.

**PLAINTIFF'S CLAIM**

33. Plaintiff incorporates by reference paragraphs 1 to 32 as if fully set forth herein.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Union Oil Co. v. Forest Oil Corp.
No. 3:10-cv-00269-JWS
-8-

69280-0018/LEGAL19989856.2

Case 3:10-cv-00269-SLG   Document 24   Filed 01/24/11   Page 8 of 11

34. By failing to make payment of the amounts due under the Trading Bay Agreements when due, abandoning the TBU, TBF, and TBPF assets, and rejecting the Trading Bay Agreements, PEAO has defaulted on its obligations to Union under those contracts.

35. Under the Trading Bay Agreements, Forest agreed to be responsible for the proportionate share of the costs of operation of the TBU and TBF, including the TBPF, as provided in the agreements.

36. Despite the subsequent transfer of Forest's interest in the TBU and TBF, including the TBPF, to affiliates and to PEAO, Forest remains obligated under the Trading Bay Agreements, as surety or otherwise, to pay the proportionate share of the costs related to the ongoing operation of the TBU and TBF, including the TBPF, which is chargeable under the Trading Bay Agreements to the ownership interest formerly owned by Forest, and which has not been paid by or otherwise satisfied by PEAO.

37. As of January 1, 2011, the proportionate share of the costs related to the ongoing operation of the TBU and TBF, including the TBPF, which is chargeable under the Trading Bay Agreements to the ownership interest formerly owned by Forest and which has not been paid by or otherwise satisfied by PEAO is approximately $48 million.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

38. Forest's refusal to pay Union the amount which is chargeable under the Trading Bay Agreements to the ownership interest formerly owned by Forest and which has not been paid by or otherwise satisfied by PEAO (i) breaches Forest's duties as a surety for PEAO, and (ii) breaches Forest's contractual obligations to Union under the Trading Bay Agreements.

39. Through January 1, 2011, Forest's partial breaches have resulted in damages to Union of approximately $48 million, and Union's damages continue to accrue as further costs and/or expenses are incurred by Union as operator.

40. Wherefore, Forest is liable to Union for approximately $48 million as of January 1, 2011, and for further costs and/or expenses which may accrue going forward.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Forest as follows:

1. Awarding Union its damages for partial breach in an amount to be proven at trial, including approximately $48 million in damages accrued as of January 1, 2011 and such additional damages as may accrue prior to trial;

2. Awarding Union prejudgment interest accrued to the date of entry of judgment;

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

3. Awarding Union its attorneys' fees and costs; and

4. Granting such other and further relief as the Court may determine to be equitable and just.

DATED: January 24, 2011.

>s/ James N. Leik
> PERKINS COIE LLP
> 1029 West Third Avenue, Suite 300
> Anchorage, Alaska 99501-1981
> JLeik@perkinscoie.com
> Telephone: 907.279.8561
> Facsimile: 907.276.3108
> Alaska Bar No. 8111109
>
> Attorneys for Plaintiff
> Union Oil Company of California

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2011, a copy of the foregoing Amended Complaint was served electronically on Kenneth P. Eggers and David A. Devine, attorneys for defendant Forest Oil Corporation.

>s/ James N. Leik

Union Oil Co. v. Forest Oil Corp.
No. 3:10-cv-00269-JWS
-11-

69280-0018/LEGAL19989856.2

Case 3:10-cv-00269-SLG Document 24 Filed 01/24/11 Page 11 of 11